[Civ. No. 19375. Second Dist., Div. Two. Mar. 20, 1953.]

RAY DAVIES, JR., Appellant, v. ACWARE PLASTICS (a Corporation) et al., Respondents.

Frank J. Kanne, Jr. for Appellant.

Collins & Woolway for Respondents.

MOORE, P. J.—The court below found against plaintiff's allegation that he had been fraudulently induced to invest $5,000 in the stock of the corporate defendant. He demands a reversal of the ensuing judgment on the grounds of (1) insufficiency of the evidence, (2) erroneous construction of section 25152 of the Corporations Code.

Appellant purchased his stock from respondent Gummo who was president and treasurer of Acware Plastics, and owner of two thirds of its capital stock. Through a friend of his family, appellant made the acquaintance of Gummo in November, 1947. Thereafter they corresponded with reference to appellant's employment, his investment and the finances of the corporation. On December 11, 1947, Gummo wrote him that ''our only problem now is one of working capital. . . . We should sell around $25,000 worth of stock to be used as working capital.'' Appellant came to Los Angeles on February 20, 1948. On the following day he handed to Gummo a check in the amount of $5,000, made payable to appellant, which he endorsed ''Ray Davies, Jr. Payable to Acware Plastics for stock.'' Two days later a certificate for 50 shares of the capital stock of the corporation was delivered to appellant.

The court found: On or about the 23d day of February, 1948, Gummo sold and delivered to plaintiff 50 shares of his personally owned stock of Acware Plastics for $5,000; at the time of such sale plaintiff was fully informed that he was purchasing privately owned stock of Gummo; Gummo was not

the issuer or underwriter thereof; the sale was made by Gummo for his own account and ''was not made, directly or indirectly for the benefit of Acware Plastics or any underwriter of said stock and said sale was not made for the direct or indirect promotion of any scheme or enterprise with the intent of violating or evading any provision of the California Corporate Securities Law.''

Appellant contends that the stock transferred to him was not the personally owned stock of Gummo; that in any event the sale was made for the benefit of the corporation and since no permit had been granted by the Commissioner of Corporations for the sale or issuance thereof to plaintiff, the sale was in violation of the Corporate Securities Act (Corporations Code, § 25000 et seq.) and therefore void.

Gummo testified that when the certificate for the 50 shares was delivered to appellant he informed Davies that he had asked his attorney what to do about the stock and had been advised that in view of the fact that this was a family proposition and since it would require some time to have the corporation get a permit for issuing new stock, Gummo should transfer his own shares and if the company was in need of funds, Gummo should advance the $5,000 to the company and take its note.

The stock was originally issued to Gummo by the corporation pursuant to a permit of the Division of Corporations. That the stock was validly issued, there can be no doubt. Gummo testified that he transferred 50 shares of his personal stock to plaintiff. At the time of the delivery of the certificate, appellant signed a receipt bearing the notation that the 50 shares of stock had been transferred from Charles F. Gummo. The $5,000 check which Davies had delivered to Gummo was deposited in the corporation bank account and the same amount was carried on the books of the corporation as a loan from Gummo to the corporation. There is no evidence that the corporation issued any new capital shares. The foregoing evidence generously sustains the finding that Gummo sold to appellant 50 shares of his own personal stock.

In support of his contention that the sale was void because no permit had been granted to defendants for the issuance of the stock, plaintiff cites section 25152 of the Corporations Code which reads as follows: ''Except as expressly provided in this division, the Corporate Securities Law does not apply to the sale of securities when (a) made by or on behalf of a vendor not the issuer or underwriter thereof who,

being a bona fide owner of the securities, disposes of his own property for his own account, and (b) the sale is not made, directly or indirectly, for the benefit of the issuer or an underwriter of the security, or for the direct or indirect promotion of any scheme or enterprise with the intent of violating or evading any provision of the Corporate Securities Law.''

Gummo was not engaged in the business of selling stock and the sale in question was a single, isolated transaction. He was not a broker as defined by the code section* which requires one to obtain a license. That he loaned the corporation the $5,000 which he obtained from the sale of his private stock does not *ipso facto* make the sale one for the benefit of the issuer of the security. That is a question of fact which the trier of fact has decided adversely to appellant. There is ample evidence to sustain the finding that the sale was a bona fide sale of Gummo's personal stock and that it was not made for the direct or indirect benefit of the issuer or the direct or indirect promotion of any scheme or enterprise with the intent of violating or evading any provision of the California Corporate Securities Law.

Affirmed.

McComb, J., and Fox, J., concurred.

---

*Corporations Code, section 25006, reads as follows:

''(a) 'Broker' includes every person or company, other than an agent, who, in this State, engages either wholly or in part in the business of selling, offering for sale, negotiating for the sale of, or otherwise dealing in, any security issued by others, including all securities of the classes listed in Section 25100, or of underwriting any issue of such securities, or of purchasing such securities with the purpose of reselling them, or of offering them for sale to the public.''